Case 21-3445, Jeanne King v. Steward Trumbull Memorial Hospital. Oral argument 15 minutes per side. Mr. Reeve for the appellant. Mr. Reeve, you may proceed. Please let us know how much time you'd like for rebuttal. Three minutes, please. Thank you. You may go ahead. Thank you. You may please the court. I'm Gary Reeve and I Trumbull Memorial Hospital Incorporated. To set the tone on this, I think that it needs to be pointed out that the reasonable accommodation sought by Ms. King was not a reasonable accommodation to perform the job. It was a reasonable accommodation to retain the job. And that is the kind of reasonable accommodation that is suggested by the Sears case, which I'll also point out has never been overruled in the Sixth Circuit. The suggestion of the hospital is that Ms. King is subject to a across-the-board rule in the Sixth Circuit that absence or attendance, number one, that attendance is an essential function of the position, and number two, that absence cannot be a reasonable accommodation. Therefore, first off, attendance, 100 percent attendance, obviously cannot be an essential function of the position for any employer that has to offer family medical leave act leave. It's just plain an impossibility. And this employer was one of those employers. In fact, had Ms. King worked 75 more hours in the 12 months prior to the beginning of her leave, we wouldn't be here because she would have been eligible for family medical leave act leave and therefore would have had to have been returned to her position at the end of her leave. Now, the only thing before us on appeal here, as I understand, is the Ohio statute concerning whether she was reasonably accommodated in connection with her disability and all the other claims and such have been disposed of or not being appealed. Is that right? That's correct. And Ohio, as a general rule, and I think the court is aware of this, Ohio follows federal law when it comes to discrimination laws, including the Americans with Disabilities Act. So Ohio law and federal law do not diverge on these points. And they don't diverge on the law of reasonable accommodation. I would hope that even though the trial court also decided that she wasn't a disabled person and that the hospital didn't know about her disability, that those really are not points that we're discussing here. Because it's plain that somebody who can't breathe has a disability and it's plain and with the frequency and severity that Ms. King could not breathe. And it's also, I think, plain that the hospital knew that she was having severe breathing problems. She called in every day and told him that was the reason that she couldn't be at work. And in fact, she treated at the very emergency room in which she worked when it got too severe. She had to take time off, in fact, since 2014 during allergy seasons because of the exacerbation of her asthma. So I believe, and I think the court has stated it properly, that the issue in the case is reasonable accommodation. Is a request for indefinite leave a request for reasonable accommodation? I think that's not part of this case. I think that a request for indefinite leave certainly probably is not a reasonable accommodation. And I think that the cases that are cited by the hospital normally talk about cases in which there is no reasonable chance or reasonable argument set forth that the person will ever recover from their condition. Ms. King had, for many years with the hospital, had the allergy exacerbated asthma condition cause her to have to take time off. But she always recovered. She always returned to work. And in fact, prior to this particular year, had always returned to work within the So this is not a condition being an episodic condition is not a condition that subjects itself to never, essentially never getting well, which is the cases that are cited by the hospital. One issue here, among others, seem to be the timing of the events occurring around the time your client's termination. Shortly before the termination, she was asking for some accommodation and leave time and all that. And there seems to be a dispute between the parties as to whether she submitted a request for an accommodation of the hospital through this source agency that processes leave requests. And your client seemed to have a different understanding of whether she even asked for leave appropriately. But then she was terminated. And a day or two after termination, the hospital granted her leave retroactively, but didn't reinstate her. And I'm not all sure why your client relinquished the wrongful termination cause of action. But there seems to be a dispute here. I'm, I'd like for you to address whether when the hospital granted her leave, retroactively following her termination, whether that triggered an obligation, either under the law or hospital policy for the hospital to reinstate her at that point, which they did not do. Well, two things about that. Number one, we couldn't file a lawsuit on that if we wanted to, because it was not Family Medical Leave Act leave that was granted to her. She was ineligible for that. She didn't have the 1,250 hours in the previous 12 months. Therefore, it would have been only leaves offered under the collective bargaining agreement and or medical leaves that were hospital policy, which of course are not subject to a legal, legal, well, we can't file a lawsuit on it. I'm getting technical with my words, but here's the thing. She was also only granted leave through May 17th. And then they said, well, we don't care because you took leave beyond May 17th. Therefore, you still had essentially unexcused leave. And this is why we fired you on essentially June, June 1st. So we, that retroactive granting, and let's talk quickly about what FMLA source did in this regard. The hospital number one does not accept medical information nor grant leaves itself as a matter of policy, and they would not accept any from Ms. King. FMLA source refused to accept medical information from Ms. King initially, because they told her she had only worked 300 hours approximately in the prior 12 months when she made the request. She was fighting with FMLA source about how many hours she had worked prior 12 months, because she knew it far outstripped 300 hours. There was a transfer of ownership of the hospital during that time. And the records prior to the transfer were somehow lost or put in a place that FMLA source couldn't find them. FMLA source finally came to the conclusion after she was fired that she had worked approximately 1175 hours prior to in the 12 months prior, which still was not enough to qualify for FMLA leave. But then, and only then, did it accept medical information from her. And literally, it accepted it the day after she was fired. And then it acted upon her leave requests beyond FMLA and applying to the collective bargaining agreement. But then, it only allowed her leave until May 17. So we've got a massive catch 22 in which Ms. King couldn't request the extensions of leave that were available to her through hospital policy, because FMLA source disallowed her ability to do that. So it and it proves a couple of points, though, Your Honor. Number one, it proves extended leaves were available as a matter of accommodation for job retention. Well, when you say that she couldn't get leave through FMLA source. Actually, she could if she was entitled to it. I guess you mean that leave was wrongfully denied. If that's not to put words in your mouth, if that's your position, because as I understand, the hospital procedure, FMLA source processes FMLA leave. But if an employee is not entitled to FMLA leave, the FMLA source will provide them with any other leave or process their leave requests in connection with any other leave that they might be entitled to. You're correct. Okay. So, and just to be clear, just understand your position here. Once your client was retroactively granted leave, even though the amount of leave was limited, and that grant of leave came shortly or day or two after termination, was the hospital obligated after granting her leave retroactively to reinstate her employment at that point? They have stated they were not because the leave was only granted through May 17. And they fired her on June 1. She had continued to take leave after May 17. I'm not asking you what they said. I'm asking you, what is your position regarding the requirement of the hospital, either under his leave policy or any other procedures, or how long at that point, not asking you what the position was of FMLA leave, FMLA source, but asking you, what's your position here as to whether the hospital at that point was obligated to reinstate your client? I don't believe that any law other than the disability discrimination laws would be available to her as a matter of law, if you will, because the other policies fall under either the collective bargaining agreement or under at-will employment, and therefore, were internal hospital policies not subject to lawsuit beyond disability discrimination. Are you saying what you're saying in this regard because you have not pursued or have relinquished her original claim of wrongful termination? Is that where we are with this? I'm saying that we relinquished, that we didn't relinquish a claim because there was no claim to relinquish. All right. You may proceed if you, by the way, you're out of time. I've been out of time. I just answered your question. You'll have your rebuttal. Based on your argument, isn't the key to it that whether medical leave is a reasonable accommodation is related to the extent of the medical leave, but also the otherwise available extent of leaves under any company policy? Well, sure. To the extent that the other company policies show that it is not an undue hardship, nor is it outside of the norm for them to grant longer leave times. Then that verifies the reasonableness of the request. Absolutely. So that's the world we're in. Thank you. Thank you. All right. We'll hear from opposing counsel at this point. May it please the court. Scott Hastings here on behalf of Stuart Trumbull. The district court correctly granted summary judgment on King's failure to accommodate claim, which is the only claim that is before the court in this appeal. Before I get into the heart of the accommodation claim, your honors, I want to briefly comment on the leave time questions and issues that were just presented or just brought up by the court. Excuse me, Judge Clay, I don't see Mr. Hastings on my video screen. Is he on yours? He is on mine. Maybe we could get some assistance from Mr. Mitchell. I mean, I could hear you, Mr. Hastings, but I just can't see you. And your honor, my screen is frozen as well. I'm going to let my technology person know who is next door to come in here to see if there's any issue on our end. Mr. Mitchell, are you able to diagnose what's going on there? Yes, I'm trying to get my technology person here who's I am not the technology guru on this point. Thank you, your honors. We are back in the video. We were not able to get restarted. It is not allowing us to turn it back on. And I would be happy to proceed with audio only as long as the court can can hear. All right. Why don't we do that? We'll restart the time and you can start fresh again. Thank you. Let's restart the clock and you can proceed with audio. Thank you. May it please the court. The district court correctly granted summary judgment on stewards for Stewart on King's failure to accommodate claim, which is the only claim that is before the court on this appeal. But before talking about the accommodation, I'd like briefly talk about the leave issues that were the subject of several of the court's questions and commentary during the appellant's argument. The appellant concedes that King was not eligible for FMLA leave because she had not met the eligibility requirements. The discussion about the retroactive leave that was under the hospital and the collective bargaining agreement that was that King filed with her union. And this is in the record. She acknowledges that the grievance was resolved with the union representative agreeing that there was no violations by Stewart, that Stewart's conduct was proper. And that is in page page ID number 177 in King's deposition, where she acknowledges that. So there's really no issue on whether she was entitled to the she had unexcused leaves of absence even after there was some retroactive leave applied. And your honors, King's record is one where she had a history of leave issue. This is also attachments to King's deposition that's in the record. There were the 26 I'm sorry, the there's an extended absence and warnings throughout 2016 about the situation. Page IDs. Let me ask you, isn't there some dispute of fact as between the parties as to whether she submitted requests for leave? Some of the leave that she claims she received the hospital claims she didn't receive was or was not in Title Two. I know there was a history of her being denied leave. And subsequently being awarded leave after protest or continued discussion between the parties. But as I understand the parties really don't agree as to how much leave she had coming or how much leave she she took. As attested to by one one example is when at the end of her employment, she she claimed that her days absent were miscalculated, and it was found out that they were miscalculated. So that there are some issues of fact around her leave time, are there not? Your honor, there were some questions, but they're not material to the issues on this appeal. But to get to what the resolution is, when the leave time was recalculated under the FMLA, it is undisputed and appellant acknowledged it here today. She was not eligible for FMLA leave. So the dispute really came up with she requesting some other types of leave. That is the union collective bargaining types of leaves. There was some leave applied retro. Yes. Yes, your honor. Yeah, excuse my interruption. As I understand, the hospital had a procedure whereby an employee who would not be entitled to FMLA leave might nevertheless still be entitled to unpaid leave under the hospital policy. And a lot of the dispute between the parties revolve around not FMLA, but whether leave was taken or should have been allowed under this separate hospital policy. How would you respond to that? Your honor, that is correct, as far as where a lot of the dispute is, is regarding the hospital policies. And ultimately, what happened is the dispute, some retroactive leave was applied, and others was not given to was submitted to the union, the union, again, this is at page ID 177. And King acknowledges this, the union denied her complaints and said she did not have a complaint against steward on this particular leave issue. And she's not pursuing that on appeal. And so your honor there, while there may have been disagreements between the parties, it's really not a material fact issue for any of the issues before the court on the claim that is before the court on failure to King's argument on failure to accommodate really is a starts with a false premise. And you can see this on page one of her reply brief. She articulates her point saying, attendance cannot be an essential function of any position for an employer who must give FMLA leave to an employee. She cites no case authority to support that proposition. In the FMLA, Congress did not pass a law changing the job requirements for the vast majority of positions and jobs in America regarding attendance, that would be a monument. Yes, your honor. What I'm struggling with is that, is that your your the response of the hospital is that this is about her attendance, period. She said she couldn't come for the times that her asthma was working up, therefore, she's unqualified. And I'm struggling with that, because doesn't the analysis require us to ask whether she's capable of performing the essential functions of her job, even being present with or without a reasonable accommodation. So the question is whether she could not whether she admits that she can't be there every day, but whether she falls within the arena that she is subject to the possibility of a reasonable accommodation, a leave that would return to her job. If your briefing sounds to me like you say, that is no possibility at all, because she cannot come every, every day, she cannot attend all the time. So your honor, there's a couple of points in response. First, I'm going to start with the plaintiff's burden on proposing an accommodation. You can look in the record and in the summary judgment and on appeal, she talks about leave time, but never proposes a accommodation to tell us how long of leave did she request? How long will it take for things to be adjusted? It's an indefinite request, there is no specificity, so the appellant king has not met her burden. FMLA source is the only entity that processes leave requests for this hospital, is that correct? Your honor, partially correct. That is the entity that processes the request, but the FMLA policy, which is in the record, again this is attached to King's deposition, page ID 422, talks about the request begins with by making the request to the supervisor, and she's provided no evidence of making that request to her supervisor, so she makes the allegation that FMLA said. I thought that she had said that she never missed calling in before her work time started and letting them know that her asthma, that based on her asthma, she was unable to attend. Yes, your honor, she and she was and she was allowed to do that, but isn't the the providing of of the interactive process not in the hands of FMLA source, because the hospital itself would not take those requests or those records. He had to go to FMLA source. I mean, I think the record's clear on that, is that not correct? Your honor, the interactive process that your honor just mentioned, and I'll point the court to Williams versus AT&T Mobility, which is cited in our brief, that process begins by the employee proposing in a reasonable accommodation. King never made that proposal, never made a proposal of how long of leave she needed, how long she was looking for, or anything. Well, I'm struggling with that, because when she went to FMLA source, they said to her, you only have 300 hours, we aren't talking to you. She was not able to go forward with FMLA source, which is the spigot, so to speak, of both FMLA and every other leave available through the hospital, and they refused to deal with her. So, I'm struggling with how you think that would satisfy an interactive requirement from the employer, when the person with whom she is supposed to provide the information refuses to consider it. So, your honor, on FMLA source, it's undisputed, she was not qualified for FMLA source, even when things were recalculated. That's undisputed. As far as the interactive process goes. But the timing is an issue here. She was required to get with them to work through this system, and when she asked, they said, we're done here. And they did not take anything further. She went back, collected the materials, fought with people, and it did turn out that she didn't have enough hours, but she certainly didn't have just 300. And then they took up her request and processed it correctly. But as Judge Clay points out, it was too late at that point. So, my struggle is that issue, but my struggle also is this idea that her failure to show up to work means that she cannot request a reasonable accommodation. And that's in your briefing. Explain to me why, because she cannot physically come, she cannot physically be present during the course of her illness, that she still is not qualified to request a reasonable accommodation. So, Your Honor, I'd like to respond to that at two levels, both the law and the facts in the record for this dispute. On the law, again, I'm going to reference the court to Williams v. AT&T Mobility, which is a very similar case to this situation, where the court said this, additional leave is an objectively unreasonable accommodation, where an employee has already received significant amounts of leave and has demonstrated no clear prospect of recovery. So, here... How is that here when the leave she requested was sufficient time to work with her doctor to fix her medicines, which in the past she had been able to do within a relatively short period of time? And so, Your Honor, she had extensive leave, and in the record, they have the records of all the leave she was provided. She did not work enough to qualify for additional FMLA leave is the issue. And on the prospect of recovery, she came forward with no evidence, nothing to say what an accommodation would be, how long she needed, how this would potentially right itself. And so, she has not met her burden to come forward with what that additional accommodation would be. The record establishes that her condition received went to the point that she was not attending work on a very extended basis. And she still got some non-FMLA leave, but ultimately, the union even agreed it was handled properly. On the factual side... So, you are abandoning your claim that she could not possibly qualify for a reasonable accommodation because she was not able to attend every day. Am I correct on that? No, Your Honor. We're not abandoning the claim. She did not ask for a reasonable accommodation and attendance, and I'm going to go into the work rules for her job. This is at those rules. She could have qualified for a reasonable accommodation even with her absenteeism problem. You no longer claim the fact that she has absenteeism problems bars her from a reasonable accommodation. Your Honor, that's not correct. We would need a lot more information. We would need to know what the accommodation she is requesting is, and then at that point, it would have to be assessed. If she was requesting adjustments to her job duties, they could have talked about it. She didn't request that. If she was requesting additional leave, she wasn't entitled to that. She did not provide anything specific or concrete that could have even been analyzed to give her additional accommodation here. So all the facts of her particular request, not a bar as a matter of law. Your Honor, I'm not sure I understood that question. She did not make the accommodation request that was required. Her job, this is page ID 434, going back to the beginning of this job, it says each employee must realize that their attendance is crucial in taking care of patients and the families we serve. That's the problem here. She is a nurse. She testified in her deposition and acknowledged that page ID 222, that attendance was required to take care of patients and their families. She was not able to do it. And when she now is before the court, she has not even articulated how long of an accommodation she needed. This is an amorphous, indefinite request for additional accommodation. And the district court was correct in granting summary judgment to deny that claim. Your Honor, unless there's any further questions, I will rest on the briefing there. Thank you very much. All right. Any rebuttal? Very short. Number one, Ms. King was constantly making efforts with her doctor to return to work. She, it was true, she did not know exactly how long it would take, but she was constantly making efforts to do that. As far as information that the hospital claims they didn't get, as we've established through the record, the hospital refused to take such information and channeled it all through FMLA source, who also refused to take such information until she was already fired. Mr. Reeves, would there be a limit of three, four, six months? Or how long could this go on that she says without a definite date that I just need more and more time off? I mean, is there a point that the employer can say that that's too much? I don't think there's a bright line here under the law. I think the Williams case is inapposite to this case because the Williams case talks about no clear prospects for recovery, which I don't believe applies to this case. We don't really know what, we don't know there is a clear prospect for recovery other than maybe her history that in the past she had taken some time off and the asthma recovered. But this was the longest, wasn't this the longest time that she'd been not working? Yes, it is. So to say the employer knows that she's going to be coming back in 60 more days or 30 more days or something and the employer doesn't know that, does he? She submitted no evidence to the effect that I think I can come back in another 30 days, 60 days, 90 days, 120 days. I mean, there's nothing submitted to the employer so that he would be on notice of it, is there? No, there isn't. I agree. And the employer knows, of course, the employer is aware of allergy season being a medical provider. So the employer is aware there's limitations and that allergy season occurs once in the fall, once in the spring, worse in the spring, which is what we're in the middle of in this case. I want to point out something Mr. Hastings said that was incorrect. There was never an undue hardship here because the hospital testified, her supervisor testified, they never went short-staffed. It wasn't as if there was no one there to take care of the patients because she wasn't there and nobody could take care of them. That's not true. The hospital never went short-staffed. They were always able to take care of their patients. Unless the court has more questions, I am finished. Thank you. Thank you very much. Thank you very much and the case is submitted.